**Dated: November 03, 2011**

**The following is ORDERED:**



*Tom R. Cornish*

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**BARBARA ANN LUCAS,**                        Case No.  11-80919-TRC
                                              Chapter 7
              Debtor.

**DISCOVER BANK, ISSUER OF THE**
**DISCOVER CARD,**
                    Plaintiff,

**v.**                                        Adversary Case No. 11-8024-TRC

**BARBARA ANN LUCAS,**
              Defendant.

### ORDER DESIGNATING COUNTERCLAIM AS DEFENSE
### AND DENYING MOTION TO DISMISS

        Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket Entry

9), Defendant's Objection (Docket Entry 14), and Plaintiff's Reply (Docket Entry 15).  For reasons

set forth below, the Court denies Plaintiff's Motion to Dismiss, but will designate Defendant's

Counterclaim as a defense and request for an award of costs and an attorney's fee.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiff filed this adversary proceeding against Defendant pursuant to 11 U.S.C. § 523(a)(2) seeking to except a debt from discharge. Defendant answered and included a counterclaim pursuant to § 523(d) seeking costs and an attorney's fee should Plaintiff not prevail. Plaintiff moves to dismiss the Counterclaim, arguing that § 523(d) does not give rise to an express cause of action. Defendant responded by providing details of the debt she seeks to discharge.

Courts have substantial discretion in deciding a motion to dismiss. In considering a motion to dismiss, all facts alleged by the plaintiff are considered to be true, and dismissal is appropriate only if it appears beyond doubt that the plaintiff will be unable to prove any set of facts that will entitle her to relief. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The Court may not consider matters extrinsic to the pleadings.

Rule 7008(b) of the Federal Rules of Bankruptcy Procedure requires that a request for an attorney's fee be pleaded as a claim in a complaint or an answer, but § 523(d) does not specify by what, if any, means a debtor must make a request for fees and costs. The Court finds no prohibition against Defendant's reliance upon § 523(d) to support her Counterclaim. There is a logical relationship between the claims raised by each party, the Counterclaim involves the same operative facts as Plaintiff's claim, and Defendant, as the proponent of the Counterclaim, will bear the burden of proof to establish her claim. However, the Court finds no cases - nor has Defendant cited any - where a request for costs and an attorney's fee pursuant to § 523(d) was brought as a counterclaim. Most requests are brought by motion. Some courts do require debtors to invoke § 523(d) in their answer to a complaint, while others allow a request to be raised by motion of the debtor at the

conclusion of the trial or at the direction of the court.  Section 523(d) states that "the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified . . . ."  This language indicates that consideration of an award of fees and costs is required in the situations identified when a creditor is unsuccessful in discharging a debt pursuant to § 523(a)(2).  Thus, based upon its review of the statute, rules and case law, the Court concludes that it is not necessary for Defendant's request to be brought by counterclaim.

Federal Rule of Civil Procedure 8(c)(2) provides that defenses mistakenly designated as counterclaims may be correctly designated by the court.  Therefore, the Court will designate Defendant's Counterclaim to be a defense to Plaintiff's action under § 523(a)(2) and a request for costs and an attorney's fee pursuant to § 523(d) and Rule 7008, Fed. R. Bank. P.  Plaintiff need not file a responsive pleading to Defendant's Answer.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket Entry 9) is **denied**.

IT IS FURTHER ORDERED that Defendant's Counterclaim is designated as a defense to Plaintiff's action and a request for an award of costs and an attorney's fee pursuant to 11 U.S.C. § 523(d).

###